# **EXHIBIT A**

## Commonwealth of Massachusetts

BRISTOL, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 22-cv-00389

_____Paul Finkelstein_____ PLAINTIFF(S),

vs.

_____Leach Garner, Inc._____ DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO: _____Leach Garner, Inc._____ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Bristol Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days**. If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, _Superior_ Court, _441 County Road, 1st Floor, New Bedford, MA 02740_ (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: _Herold Law Group, P.C., 50 Terminal Street, Bld 2, Ste 716, Charlestown, MA 02129._

3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss"**, if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at **www.mass.gov.courts/case-legal-res/rulesofcourt.**

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2273CV00389 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Paul Finkelstein vs. Leach Garner, Inc. | | Marc J. Santos, Clerk of Court Bristol County |
| TO: Suzanne L Herold, Esq. Herold Law Group, P.C. 50 Terminal St Building 2 Suite 716 Charlestown, MA 02129 | | COURT NAME & ADDRESS Bristol County Superior Court - New Bedford 441 County Street, 1st floor New Bedford, MA 02740 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION** **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 08/29/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 09/28/2022 | |
| All motions under MRCP 12, 19, and 20 | 09/28/2022 | 10/28/2022 | 11/28/2022 |
| All motions under MRCP 15 | 09/28/2022 | 10/28/2022 | 11/28/2022 |
| All discovery requests **and depositions** served and non-expert depositions completed | 03/27/2023 | | |
| All motions under MRCP 56 | 04/26/2023 | 05/26/2023 | |
| Final pre-trial conference held and/or firm trial date set | | | 09/25/2023 |
| Case shall be resolved and judgment shall issue by | | | 05/30/2024 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 05/31/2022 | Dina Swanson | (508)996-2051 |

# CIVIL ACTION COVER SHEET

**Trial Court of Massachusetts — The Superior Court**

**DOCKET NUMBER:** _(blank)_
**COUNTY:** Bristol

| | |
|---|---|
| **Plaintiff:** Paul Finkelstein | **Defendant:** Leach Garner, Inc. |
| **Address:** Warwick, RI | **Address:** 19 Pearl Street, Attleboro, MA |
| **Plaintiff Attorney:** Suzanne L. Herold | **Defendant Attorney:** _(blank)_ |
| **Address:** Herold Law Group, P.C., 50 Terminal Street, Bld 2, Ste 716, Charlestown, MA 02129 | **Address:** _(blank)_ |
| **BBO:** 675808 | **BBO:** _(blank)_ |

## TYPE OF ACTION AND TRACK DESIGNATION

- **CODE NO.:** B22
- **TYPE OF ACTION:** Employment discrimination / retaliation
- **TRACK:** F
- **HAS A JURY CLAIM BEEN MADE?** YES

Is there a claim under G.L. c. 93A? NO
Is there a class action under Mass. R. Civ. P. 23? NO

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

### TORT CLAIMS

A. Documented medical expenses to date
 1. Total hospital expenses
 2. Total doctor expenses
 3. Total chiropractic expenses
 4. Total physical therapy expenses
 5. Total other expenses (describe below)

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date: $40,000
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below): Emotional distress — T.B.D.

**TOTAL (A-F):** $40,000+

G. Briefly describe plaintiff's injury, including the nature and extent of injury: _(blank)_

### CONTRACT CLAIMS

This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X _____    Date: _____

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X _____[signature]_____    Date: 05-25-2022

SC0001: 1/22/2021                www.mass.gov/courts                Date/Time Printed:09-28-2021 17:08:5

[Save as PDF]                                                       [Reset Form]

## CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

- AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. (A)
- AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. (A)
- AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. (A)
- AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. (A)
- AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. (A)

### CN Contract/Business Cases

- A01 Services, Labor, and Materials (F)
- A02 Goods Sold and Delivered (F)
- A03 Commercial Paper (F)
- A04 Employment Contract (F)
- A05 Consumer Revolving Credit - M.R.C.P. 8.1 (F)
- A06 Insurance Contract (F)
- A08 Sale or Lease of Real Estate (F)
- A12 Construction Dispute (A)
- A14 Interpleader (F)
- BA1 Governance, Conduct, Internal Affairs of Entities (A)
- BA3 Liability of Shareholders, Directors, Officers, Partners, etc. (A)
- BB1 Shareholder Derivative (A)
- BB2 Securities Transactions (A)
- BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. (A)
- BD1 Intellectual Property (A)
- BD2 Proprietary Information or Trade Secrets (A)
- BG1 Financial Institutions/Funds (A)
- BH1 Violation of Antitrust or Trade Regulation Laws (A)
- A99 Other Contract/Business Action - Specify (F)

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

- D01 Specific Performance of a Contract (A)
- D02 Reach and Apply (F)
- D03 Injunction (F)
- D04 Reform/ Cancel Instrument (F)
- D05 Equitable Replevin (F)
- D06 Contribution or Indemnification (F)
- D07 Imposition of a Trust (A)
- D08 Minority Shareholder's Suit (A)
- D09 Interference in Contractual Relationship (F)
- D10 Accounting (A)
- D11 Enforcement of Restrictive Covenant (F)
- D12 Dissolution of a Partnership (F)
- D13 Declaratory Judgment, G.L. c. 231A (A)
- D14 Dissolution of a Corporation (F)
- D99 Other Equity Action (F)

### PA Civil Actions Involving Incarcerated Party †

- PA1 Contract Action involving an Incarcerated Party (A)
- PB1 Tortious Action involving an Incarcerated Party (A)
- PC1 Real Property Action involving an Incarcerated Party (F)
- PD1 Equity Action involving an Incarcerated Party (F)
- PE1 Administrative Action involving an Incarcerated Party (F)

### TR Torts

- B03 Motor Vehicle Negligence - Personal Injury/Property Damage (F)
- B04 Other Negligence - Personal Injury/Property Damage (F)
- B05 Products Liability (A)
- B06 Malpractice - Medical (A)
- B07 Malpractice - Other (A)
- B08 Wrongful Death - Non-medical (A)
- B15 Defamation (A)
- B19 Asbestos (A)
- B20 Personal Injury - Slip & Fall (F)
- B21 Environmental (F)
- B22 Employment Discrimination (F)
- BE1 Fraud, Business Torts, etc. (A)
- B99 Other Tortious Action (F)

### RP Summary Process (Real Property)

- S01 Summary Process - Residential (X)
- S02 Summary Process - Commercial/ Non-residential (F)

### RP Real Property

- C01 Land Taking (F)
- C02 Zoning Appeal, G.L. c. 40A (F)
- C03 Dispute Concerning Title (F)
- C04 Foreclosure of a Mortgage (X)
- C05 Condominium Lien & Charges (X)
- C99 Other Real Property Action (F)

### MC Miscellaneous Civil Actions

- E18 Foreign Discovery Proceeding (X)
- E97 Prisoner Habeas Corpus (X)
- E22 Lottery Assignment, G.L. c. 10, § 28 (X)

### AB Abuse/Harassment Prevention

- E15 Abuse Prevention Petition, G.L. c. 209A (X)
- E21 Protection from Harassment, G.L. c. 258E (X)

### AA Administrative Civil Actions

- E02 Appeal from Administrative Agency, G.L. c. 30A (X)
- E03 Certiorari Action, G.L. c. 249, § 4 (X)
- E05 Confirmation of Arbitration Awards (X)
- E06 Mass Antitrust Act, G.L. c. 93, § 9 (A)
- E07 Mass Antitrust Act, G.L. c. 93, § 8 (X)
- E08 Appointment of a Receiver (X)
- E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A (A)
- E10 Summary Process Appeal (X)
- E11 Worker's Compensation (X)
- E16 Auto Surcharge Appeal (X)
- E17 Civil Rights Act, G.L. c.12, § 11H (A)
- E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) (X)
- E25 Pleural Registry (Asbestos cases)
- E94 Forfeiture, G.L. c. 265, § 56 (X)
- E95 Forfeiture, G.L. c. 94C, § 47 (F)
- E99 Other Administrative Action (X)
- Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B (F)
- Z02 Appeal Bond Denial (X)

### SO Sex Offender Review

- E12 SDP Commitment, G.L. c. 123A, § 12 (X)
- E14 SDP Petition, G.L. c. 123A, § 9(b) (X)

### RC Restricted Civil Actions

- E19 Sex Offender Registry, G.L. c. 6, § 178M (X)
- E27 Minor Seeking Consent, G.L. c.112, § 12S (X)

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                                                      SUPERIOR COURT
                                                                  CIVIL ACTION NO.:

PAUL FINKELSTEIN          )
                          )
    Plaintiff             )
                          )
        v.                )
                          )
LEACH GARNER INC.         )
                          )
    Defendant             )

## COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Paul Finkelstein (hereinafter "Mr. Finkelstein" or "Plaintiff"), is an individual who maintains a residence at 30 Puritan Drive, Warwick, Kent County, Rhode Island.

2. The Defendant, Leach Garner Inc. (hereinafter "Company" or "Defendant") is a Massachusetts Corporation located at 19 Pearl Street, Attleboro, Bristol County, Massachusetts.

### Facts

3. Mr. Finkelstein began his employment with the Company on March 29, 2021, as its Director of Security.

4. At all relevant times, Mr. Finkelstein reported to Tom Kimble, ("Mr. Kimble") President.

5. At that time, Mr. Finkelstein was one day shy of 48 years old.

6. Mr. Finkelstein enjoyed initial success in his role until November 2021, when it became apparent that the Company wanted to terminate an employee on the basis of his age and Mr. Finkelstein refused.

7. Additionally, at that time the Company was aware of Mr. Finkelstein's age and perceived someone who was 48 years told to be "too old" to perform the functions of a Director of Security.

8. Specifically, during a meeting in late November with Mr. Finkelstein, Mr. Kimble and Melissa Casey ("Ms. Casey") Director of Human Resources, the three discussed terminating Brian Wahlberg, an employee who at the time was on leave.

9. The conversation then turned to terminating John Card ("Mr. Card"), an 80-year-old employee with 25 years of experience at the Company.

10. Mr. Kimble sarcastically asked Mr. Finkelstein if Mr. Card was going to be the security guard to "lead the team into the future."

11. Mr. Finkelstein responded that Mr. Card is a hard-working, reliable, full-time employee with no issues.

12. Mr. Kimble suggested that Mr. Finkelstein should encourage him to retire.

13. When Mr. Finkelstein refused, Mr. Kimble asked Mr. Finkelstein three times "do you want to work here?" and all three times, Mr. Finkelstein answered affirmatively.

14. This was the first instance that Mr. Finkelstein had any occasion to disagree with his boss. As the result of refusing to terminate an employee simply because of his age, Mr. Kimble began to dislike Mr. Finkelstein based upon his "disobedience" and initiated a campaign to terminate him.

15. At the same time, Mr. Kimble then suggested that Ms. Casey should work on getting Mr. Card to retire.

16. In late November – early December, the security team experienced an outbreak of Covid-19 cases amongst its staff.

17. The Company seemingly tried to blame Mr. Finkelstein for not enforcing his security guards to wear a mask in situations where Company policy did not require them to wear masks.

18. Ms. Casey threatened Mr. Finkelstein that he was not "driving compliance" among his staff, which he responded that in all situations, his team were wearing masks consistent with the Company's policies,

19. As a result of the Covid-19 outbreak and unwarranted blame by the Company that it was somehow his fault, Mr. Finkelstein made an individual effort to clean the Security offices. He later asked for a professional cleaning crew to come through, which the Company rejected.

20. On December 2, 2021, Mr. Finkelstein received his Covid-19 booster shot and his flu shot at a Company sponsored clinic on its premises.

21. On December 4, 2021, Mr. Finkelstein began to feel sick. The next day he tested positive for Covid-19 and immediately let Ms. Casey know. At that time, the quarantine protocols had been reduced to 5 days.

22. Because Mr. Finkelstein began to feel very sick, on December 7, 2021, he had a telehealth visit with his PCP who prescribed two medications and additional rest beyond the 5-day quarantine.

23. On December 15, 2021, Ms. Casey texted Mr. Finkelstein asking for his return-to-work date. He responded that he would be returning on December 20th and that he had submitted a doctor's note to the Company. Ms. Casey's only response was "why so long?"

24. Mr. Finkelstein returned to work on December 20th as planned.

25. Upon his return, his first interaction with Mr. Kimble was not until December 23rd, wherein Mr. Kimble immediately stated, "Why were you out so long? I had dental surgery this morning and I'm at work" or words to that effect.

26. On December 28, 2021, Jillian Welch ("Ms. Welch"), the Company's HR Manager, informed Mr. Finkelstein that he would not be paid out for all of his time out sick and was told instead he could take the days from his vacation bank.

27. On that same day, Mr. Finkelstein expressed his concerns both to Ms. Welch and Mr. Kimble that he had caught Covid-19 in his workplace, and he believed he should be paid by the Company for his time out sick.

28. He stated to both individuals that he would make applications under the Family Medical Leave Act or Worker's Compensation because the illness was contracted at work. In response, Mr. Kimble stated to Mr. Finklestein, "I feel like you are threatening me" or words to that effect.

29. The Company terminated Mr. Finkelstein's employment without explanation on January 10, 2022.

30. Plaintiff has exhausted his administrative remedies with the Massachusetts Commission Against Discrimination.

Causes of Action

(Each Cause Of Action Incorporates Therein
All Of The Paragraphs Set Forth, Hereinabove.)

## FIRST CAUSE OF ACTION – AGE DISCRIMINATION IN VIOLATION OF MASS. GEN. LAWS CHAPTER 151B §1, et. seq.

31. This is a cause of action against the Defendant for age discrimination in violation of Massachusetts General Laws Chapter 151B § 1, et. seq.

32. At all relevant times, Plaintiff was 48 years old and Defendant was aware of Plaintiff's age.

33. The Plaintiff was subjected to age discrimination, which had the purpose of creating a hostile and humiliating work environment, which interfered with the Plaintiff's ability to do his job.

34. As a direct result of his age, Defendant terminated Plaintiff.

35. As a result of the Defendant's conduct, the Plaintiff has suffered damages.

## SECOND CAUSE OF ACTION – RETALIATION IN VIOLATION OF MASS. GEN. LAWS CHAPTER 151B §1, et. seq.

36. This is a cause of action against the Defendant for retaliation in violation of Massachusetts General Laws Chapter 151B § 1, et. seq.

37. The Plaintiff refused to engage in age discrimination against an employee of the Defendant.

38. The Plaintiff complained to Defendant that he should not be required to alter the conditions of another employee's employment on the basis of age.

39. As a result of the Plaintiff complaining and refusing to engage in unlawful age discrimination, the Plaintiff was subjected to retaliation, which had the purpose of creating a hostile and humiliating work environment, which interfered with the Plaintiff's ability to do his job.

40. As the result of Plaintiff complaining and refusing to engage in unlawful age discrimination, the Defendant terminated Plaintiff.

41. As a result of the Defendant's conduct, the Plaintiff has suffered damages.

## THIRD CAUSE OF ACTION – WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

42. This is a cause of action against the Defendant for wrongful termination in violation of a public policy.

43. As the direct result of Plaintiff's refusal to engage in unlawful age discrimination, Defendant terminated Plaintiff.

44. As the direct result of following Covid-19 protocol to protect the health and safety of Plaintiff, his colleagues and the public at large, Defendant terminated Plaintiff.

45. As a direct result of informing Defendant that Plaintiff intended to take his legally protected rights pursuant to the Family Medical Leave Act and Worker's Compensation, Defendant terminated Plaintiff.

46. As a result of the Defendant's conduct, the Plaintiff has suffered damages.

*The Plaintiff demands a jury trial on all triable issues.*

WHEREFORE, the Plaintiff hereby requests that this Honorable Court grant the following relief:

1. Judgment against the Defendant;

2. Attorney's fees, costs and expert witness fees;

3. Compensatory damages for emotional distress;

4. Punitive damages;

5. Pre-Judgment and Post-Judgment Interest, and

6. Such other relief as the Court deems just and fair.

May 25, 2022

The Plaintiff,
Paul Finkelstein,
By his attorney,

_____
Suzanne L. Herold (BBO# 675808)
Herold Law Group, P.C.
50 Terminal Street
Building 2, Suite 716
Charlestown, MA 02129
(617) 336-7196 (t)
(617) 398-2730 (f)
suzie@heroldlawgroup.com